O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | | Date | March 19, 2009 |
|---|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On October 29, 2008, Basevi, Inc. ("Basevi") filed a Complaint against The Acorn Company ("Acorn"). The Complaint alleges claims of copyright infringement, unfair competition in violation of California Business and Professions Code § 17200, and imitation of trade dress. On January 5, 2009, Defendant filed a motion to dismiss the Complaint, or require a more definite statement of the claims. The Court took the motion under submission on February 6, 2009. For the reasons stated below, the Court **DENIES the motion in part and GRANTS it in part**. Specifically, it denies the motion as to the copyright claim, dismisses the unfair competition claim with prejudice, and dismisses the trade dress claim without prejudice.

**I. ALLEGATIONS OF THE COMPLAINT**

Plaintiff Basevi is a California corporation, and Defendant Acorn is a Pennsylvania Corporation. Plaintiff alleges that in 1947, Cromo N.B. ("Cromo"), an Italian corporation, and one Adolfo Simeone, created artwork that depicts religious figures. Cromo acquired all rights to the work. The work was published in 1947, and Cromo subsequently registered it with the United States Copyright Office, "complying in all respects with the registration and deposit requirements of the [Federal Copyright Act of 1976, as amended 17 U.S.C. § 101, et seq.]" Compl. ¶¶ 3, 10. In 1963, Cromo created two pieces of art with one Mario Bianchi, acquired all rights to those works, and published them in 1963. As with the earlier work, Cromo subsequently registered the works with the United States Copyright Office, "complying in all respects with the registration and deposit requirements of the [Federal Copyright Act of 1976, as amended 17 U.S.C. § 101, et seq.]" Compl. ¶¶ 3, 15. Plaintiff attaches to the Complaint copies of three "registration reports" listing the copyright registration numbers and stating that the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

works are "Reg. under GATT/URAA restoration." Compl., Exhs. A, B. Copies of each work are attached to the registration reports. *Id.*

Cromo allegedly assigned its rights in the works to Plaintiff Basevi for licensing throughout North America. Basevi in turn licensed the right to manufacture and sell the art to an entity called San Francis Imports.[1]

Plaintiff alleges that "Defendants [sic] through its employees copied Plaintiff's artwork and caused to be manufactured and offered for sale to the public Prayer Cards with Plaintiff's copyrighted artwork." Compl. ¶ 19. Attached to the Complaint are reproductions of five of the allegedly infringing Prayer Cards. Compl., Ex. C.

The Complaint alleges claims for copyright infringement, unfair competition, and imitation of trade dress. Plaintiff moves to dismiss all three claims for failure to state a cause of action, or for a more definite statement. *See* Fed. R. Civ. Pro. 12(b)(6), 12(e).

**II.     LEGAL STANDARDS**

    **A.     Motion to Dismiss**

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the

---

[1] The Complaint mistakenly refers to San Francis Imports as "Plaintiff." Compl. ¶ 17.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

> pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

**B.     Motion for a More Definite Statement**

Fed. R. Civ. P. 12(e) provides that

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

complained of and the details desired.

In light of the liberal pleading permitted by Fed. R. Civ. P. 8(a), motions for a more definite statement are viewed with disfavor and are rarely granted. 2 *Moore's Federal Practice* (3rd ed.) § 12.36[1]. Ordinarily, a motion for a more definite statement should not be granted "unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). The motion is not a substitute for discovery; if the detail sought "is obtainable through discovery, the motion should be denied." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

## III. DISCUSSION

### A. The Copyright Infringement Claim is Sufficiently Pled

Defendant first contends that Plaintiff has failed to allege facts sufficient to support its claim for copyright infringement.

In order to prevail on a copyright claim, the Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted). Defendant contends that the facts alleged in Plaintiff's Complaint fail to establish that Plaintiff owns a valid copyright and, assuming that Plaintiff does own a valid copyright, that Plaintiff has taken the proper steps to enforce it.

Defendant asserts that because the subject artwork was created and published before 1964, its copyright required renewal to remain in effect beyond the then-applicable initial 28-year term. Further, because there is no record of renewal attached to the Complaint, or with the U.S. Copyright Office, all of the artwork fell into the public domain by the year 1991. Thus, if Plaintiff holds a valid copyright, it must be pursuant to the Uruguay Round Agreements Act ("URAA"), which amended the Copyright Act of 1976 to restore copyright protection for certain works of foreign origin that fell into the public domain in the United States. Under the URAA, copyright may be restored if (1) the work is protected under 17 U.S.C. § 104A(a); (2) the work is not in the public domain in its source country (in this case Italy); (3) the work is in the public domain in the United

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

States due to, among other things, noncompliance with formalities imposed by the United States; (4) at least one author or rightholder was a national or domiciliary of an eligible country at the time the work was created; and (5) if the work was published it must have been first published in an eligible country, and not published in the United States during the 30-day period following publication in the eligible country. 17 U.S.C. § 104A(h).

Defendant acknowledges that the "registration reports" attached to the Complaint state that the works at issue in this suit are "Reg. under GATT/URAA restoration." But it contends that Plaintiff's Complaint must allege explicitly that the registrations comply with each and every provision of 17 U.S.C. § 104A(h). For example, Defendant argues, the Complaint must specifically allege that the works are not in the public domain in Italy, and that they are in the public domain in the United States due to noncompliance with the formalities of U.S. copyright law.[2]

Defendant also contends that the pleadings are inadequate because they fail to allege that Plaintiff complied with the notice provisions of 17 U.S.C. § 104A. That statute provides that the owner of a restored copyright can enforce its copyright against a "reliance party" only after it gives the party constructive or actual notice of its intent to enforce the copyright. 17 U.S.C. § 104A(d)(2). Stated generally, a "reliance party" is basically one who was engaging in acts that did not violate any copyright prior to the time that a source country became "eligible" under the URAA, but whose acts would have violated a copyright if the work had not fallen into the public domain in the first place. *See* 17 U.S.C. § 104A(h)(4); *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 156-60 (2d Cir. 2007). After a copyright holder gives notice to a reliance party, the reliance party has twelve months in which to sell any existing copies of the work. 17 U.S.C. § 104A(d)(2). Defendant asserts that it is a reliance party — though it does not explain why — and contends that the Complaint must therefore allege that Plaintiff provided proper notice of its intent to enforce its restored copyright.

---

[2] Defendant also contends that "Plaintiff's Complaint specifically alleges otherwise, claiming that the registrations were in compliance 'in all respects' with the Copyright Act of 1976." But the Complaint actually alleges that the registrations complied with "the Federal Copyright Act of 1976, *as amended*, 17 U.S.C. § 101, et seq." Compl. ¶ 3 (emphasis added).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

The Court is not persuaded that the Complaint's copyright infringement claims are pled inadequately. Although there has been some confusion and controversy in the federal courts concerning the general applicability of the Supreme Court's decision in *Twombly, supra*, several district courts in this Circuit have applied *Twombly* in the copyright context. But very few have even implied, and none has held, that *Twombly* modifies the Circuit's rule that a valid copyright infringement claim must allege only the basic elements of infringement. *Compare Fractional Villas v. Tahoe Clubhouse*, No. CV 08-1396, 2009 WL 160936 (S.D. Cal. Jan. 22, 2009) (denying motion to dismiss where plaintiff alleged it was owner of valid copyright, defendants copied protected elements of work, and defendants used the work on their website); *Proline Concerte Tools, Inc. v. Dennis*, No. CV 07-2310, 2008 WL 927883 (S.D. Cal. April 4, 2008) (denying motion to dismiss where complaint alleged ownership of registered copyright in compliance with 17 U.S.C. §§ 101, et seq., and alleged that infringement was ongoing); *Atlantic Recording Corporation v. Serrano*, No. 07-CV-1824, 2007 WL 4612921 (S.D Cal. Dec. 28, 2007) (denying motion to dismiss where plaintiff attached exhibits to complaint specifically alleging ownership of or exclusive rights to partial list of allegedly infringed copyrighted recordings, and alleged time and place of infringement) *with Cutler v. Enzymes, Inc.*, No. C 08-04650, 2009 WL 482291 (N.D. Cal. Feb. 25, 2009) (rejecting heightened pleading standard but granting motion to dismiss where complaint did not allege what acts during what period of time constituted infringement); *New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034, 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) (granting motion to dismiss where allegations were speculative and a "formulaic recitation of the elements" of infringement) (Anderson, J.).

In this case, the Complaint meets *Twombly's* standards and adequately pleads copyright infringement. Plaintiff specifically identified the copyrighted artworks; attached exhibits showing the copyright registration numbers of the works and noting that the restored copyrights were granted under the URAA; alleged that Defendant has sold prayer cards with the copyrighted artwork; and attached images of five of the allegedly infringing cards. These allegations are sufficient to "raise a right to relief above the speculative level." Whether the copyrights were properly granted under the URAA, whether Defendant is a "reliance party," and whether Plaintiff gave proper notice to Defendant, are all questions that the parties will be able to answer through discovery without undue burden or expense. In any event, the answers to those questions do not need to be alleged in order for the copyright claim to withstand Defendant's motion. The

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

Court therefore denies the motion to dismiss the copyright infringement claim.

## B. The Unfair Competition Claim is Preempted

The Complaint's second claim alleges that "[t]his action for unfair competition is a substantial and related claim to Defendant's infringement of copyrights," and goes on restate the essential elements of Plaintiff's copyright claim. Compl. ¶¶ 30-32. Although the claim does not cite the relevant California law, it is apparent that it is based upon California Business and Professions Code § 17200, *et seq*.

Defendant argues that this state law claim is preempted by the federal law claim. Plaintiff offers no substantive response to this argument, and the Court finds that the claim is preempted under *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998). As in *Kodadek*, the rights asserted here under state law are equivalent to the rights protected by the Copyright Act, and the work in question is within the subject matter of the Copyright Act. The Court therefore dismisses the claim for unfair competition with prejudice.

## C. The Trade Dress Claim is Vague and Ambiguous

Plaintiff's final claim alleges that Defendant has willfully attempted to imitate the particular dress, design, and combination of features of its copyrighted works. The claim does not, however, specify its basis in law. Defendant argues that "as currently pled, the Defendant has not even been put on notice of what 'trade dress' is at issue, and the Defendant cannot formulate a rational response to the claim." Mot. at 15. Defendant goes on to argue that if the claim is in fact based on the section 43(a) of the Lanham Act, it must be dismissed pursuant to the Supreme Court's holding in *Dastar v. Twentieth Century Fox Film Corp.* that a federal trade dress claim cannot be alleged when it is merely a surrogate for a copyright claim. 539 U.S. 23, 28 (2003). Moreover, Defendant argues, even if the claim were valid under *Dastar*, Plaintiff fails to allege that the trade dress is non-functional, and has secondary meaning. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000). As with Defendant's challenge to Plaintiff's second claim, Plaintiff fails to offer a substantive reply to these arguments.

The Court finds that the "claim" for imitation of trade dress is so vague and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7145 AHM (JTLx) | Date | March 19, 2009 |
|---|---|---|---|
| Title | BASEVI, INC. v. THE ACORN COMPANY | | |

ambiguous that the Defendant cannot reasonably prepare a response. It therefore dismisses the claim without prejudice. If Plaintiff wishes to attempt to cure these defects via an amended complaint, it must file such amended complaint by not later than April 6, 2009. The Court cautions Plaintiff that it should not waste the time and resources of the parties or of the Court if it concludes, as appears likely, that a federal trade dress claim pled with greater specificity will not be viable under *Dastar* and *Wal-Mart*.

### D. Sanctions are Not Warranted

The Court denies Defendant's request for sanctions. Although it may be irritating to Defendant that Plaintiff's attorney told him he would amend the Complaint and then failed to do so, it was not improper for Plaintiff's attorney to oppose the motion to dismiss once he concluded that he had a reasonable basis to do so. As this Order makes clear, Plaintiff's opposition was not baseless. However permissible it might be for Plaintiff's attorney to seek "a quick settlement," the Court will not hesitate to impose sanctions if warranted.

### IV. CONCLUSION

For the reasons stated above, the Court DENIES the motion in part and GRANTS it in part.[3] Specifically, it denies the motion to dismiss the first claim for copyright infringement, dismisses with prejudice the claim for unfair competition, and dismisses without prejudice the claim for imitation of trade dress.

:
Initials of Preparer    se

---

[3] Docket No. 8.